IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-09-257 |
| | § | |
| ARMANDO RODRIGUEZ-<br>   RODRIGUEZ, | § | |
| | § | |
| | § | |
|    Defendant. | § | |

### ORDER DENYING MOTION TO REDUCE SENTENCE 3582(c)(2)

Pending before the Court is Armando Rodriguez-Rodriguez' motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 20.) Rodriguez-Rodriguez was sentenced to 72 months in the Bureau of Prisons in August 2009 based upon his guilty plea to the charge of illegal reentry. (Dkt. No. 18.)

Rodriguez-Rodriguez claims that § 2L1.2 (cultural assimilation) of the November 2010 amendments to the Sentencing Guidelines applies to reduce his sentence. Section 3582(c)(2) allows a district court to shorten a term of imprisonment when it is based upon a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in subsection 1B1.10 of the Sentencing Guidelines. Id. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Rodriguez-Rodriguez seeks to apply must, therefore, be listed in that section. See, e.g., U.S. v. Gonzalez-

Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831.

Amendment 740 permits, but does not require, the district court to consider a number of factors in deciding whether to downwardly depart from a properly calculated Guideline sentence. Amendment 740 does not reduce the applicable Guideline range. Moreover, Amendment 740, is not listed in § 1B1.10(c) and is therefore, not retroactive.

When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). Accordingly, the Court concludes that Rodriguez-Rodriguez is not entitled to a reduction of sentence.

Rodriguez-Rodriguez claims that because Amendment 740 is a clarifying amendment, it applies retroactively, citing United States v. Hickman, 374 F.3d 275 (5th Cir. 2001), and other cases. Hickman is a direct appeal case, not a § 3582 motion. The Fifth Circuit has already rejected the application of the distinction between clarifying and substantive amendments in motions brought pursuant to § 3582(c)(2). Drath, 89 F.3d at 217. "Only on direct appeal, however, have we considered the effect of such a 'clarifying' amendment not in effect at the time the offense was committed. When a defendant collaterally attacks his sentence by a § 3582(c)(2) motion based on a post-sentencing Guidelines amendment, the rule is otherwise." Id. (internal citations omitted). Only an amendment listed in subsection (c) of U.S.S.G. § 1B1.10 that lowers the guideline range triggers eligibility for consideration under 18 U.S.C. § 3582(c)(2). "Accordingly, construing this

interplay between § 3582(c)(2) and U.S.S.G. § 1B1.10, we have held that '[§] 3582(c)(2) applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d).'" Id. at 218.

For these reasons, Rodriguez-Rodriguez' motion to reduce his sentence (Dkt. No. 20) is **DENIED**.

It is so **ORDERED.**

**SIGNED** on this 24th day of May, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE